UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RASHAUD BLANDBURG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED LIGHTING AND ELECTRIC, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-01519-RFB-BNW<br><br>**ORDER** |

**I.　　INTRODUCTION**

Pending before the Court is an order for Defendant's counsel, Mario Lovato, to show cause why he should not be sanctioned pursuant to Rule 16(f), LR IA 11-8, and the Court's inherent powers. For the reasons discussed below, the Court sanctions Mr. Lovato personally, pursuant to Fed. R. Civ. P. Rule 16(f), in the amount of $500 plus Plaintiff's reasonable costs and attorney's fees incurred in preparing for and attending the Calendar Call. The Court also dismisses the three pending motions *in limine* as moot. ECF Nos. 99-101. The Court also denies the motion for hearing. ECF No. 114. Finally, the Court orders the parties to file a Joint Pretrial Order by January 17, 2025.

**II.　　FACTUAL AND PROCEDURAL BACKGROUND**

On September 28, 2023, the Court denied the parties' independently filed pretrial orders because counsel had failed to file a single pretrial order as instructed by the Court. ECF No. 88. On November 3, 2023, the Court held a pretrial status conference. ECF No. 91. At the conference,

the Court again rejected the parties' "Joint Pretrial Order" ("JPTO") because the attorneys once again failed to file a single document together. ECF No. 91. The Court explained to the parties on the record that they must file a single JPTO and ordered the parties to do so by December 15, 2023. However, to date, no JPTO has been filed in this case.

The record shows that the failure to file a Joint Pretrial Order in this matter is due to Mr. Lovato's failure to communicate with Plaintiff's counsel, Michal Balaban. On January 16, 2024, Mr. Balaban filed a motion to compel Defendant to coordinate with Plaintiff in filing the JPTO. Mr. Balaban attests under penalty of perjury that he tried contacting Mr. Lovato on numerous occasions by phone and email. ECF No. 94. Plaintiff's counsel attaches copies of five emails that he sent to Mr. Lovato in an effort to coordinate the submission of the JPTO. Mr. Lovato ignored each of these emails. In his motion, Mr. Balaban also represents that the prior attorney on this matter experienced similar difficulties with Mr. Lovato in submitting a Joint Pretrial Order. Id.

The Honorable Brenda N. Weksler, United States Magistrate Judge, granted the motion to compel and ordered Mr. Lovato to contact Plaintiff's counsel to prepare the Joint Pretrial Order by April 5, 2024. ECF No. 98. Judge Weksler warned Mr. Lovato that the Court would issue sanctions if he failed to do so. On April 8, 2023, Plaintiff's counsel filed an affidavit representing that Mr. Lovato had still not contacted him. ECF No. 102. Mr. Lovato finally submitted a Declaration to this Court on April 19, 2024, explaining that he has been experiencing health issues and that he would contact Plaintiff's counsel to file the Joint Pretrial Order. ECF No. 103. However, Plaintiff's counsel stated on the record at the May 2, 2024, Calendar Call that Mr. Lovato had still not contacted him. Mr. Lovato also failed to meet any of the other deadlines set out in the Court's Order Regarding Trial as he failed to submit an exhibit list, witness list, or trial brief. The deadline for submitting these documents was April 19, 2024. ECF No. 97.

On March 28, 2024, the Court ordered the parties to appear in person at the scheduled May 2, 2024, Calendar Call. ECF No. 97. Mr. Lovato did not appear at the hearing.

On May 6, 2024, the Court ordered Mr. Lovato to show cause in writing why he should not be sanctioned for his failure to comply with the Court's order requiring him to attend the hearing. ECF No. 110. The Court stated that Mr. Lovato's failure to file a show cause brief by May

6, 2024, would result in an imposition of $200 of sanctions per day. Id. The Court further ordered that Mr. Lovato's failure to file a brief by May 10, 2024, may result in case dispositive sanctions. Id. Mr. Lovato did not meet either the May 6 or May 10 deadlines.

On June 14, 2024, Jasan Landess filed a "Notice of Association of Counsel." ECF No. 111. Three days later, Mr. Landess submitted a Declaration. ECF No. 112. According to the Declaration, Mr. Lovato asked Mr. Landess if he would associate with him on this matter. Mr. Landess agreed to associate and assured the Court that, so long as he is associated on this case, he will appear at all hearings. Id.

On June 17, 2024, six weeks after the Court's scheduled Calendar Call and Show Cause Order, Mr. Lovato finally filed his response to the Show Cause Order. ECF No. 113. In his Declaration, he explained that his one-year-old daughter has been plagued by severe medical issues, which has significantly impacted his ability to focus on work or abide by court deadlines. ECF No. 113. He admitted fault for his actions and attested that he would pay the sanctions, which the Court set at $200 per day. However, he contended that the Court should not issue case dispositive sanctions against his client because his conduct was not willful or done in bad faith. He also represented that direct contact was made with Plaintiff's counsel, Mr. Balaban, and asserted "it appears that the parties should be able to agree on a Joint Pretrial Order." Id.

Finally, on June 21, 2024, Jason Landess, on behalf of Defendant, filed a motion for a hearing. ECF No. 114. On August 24, he also filed a notice of change of lead counsel for the Defendant. ECF No. 115.

In total, forty-one days passed between May 6 and the date that Mr. Lovato filed his Declaration on June 17, 2024. Therefore Mr. Lovato is subject to coercive civil sanctions in the amount of $8,200. This Order follows.

### III.     LEGAL STANDARD

#### A.  Civil Sanctions

Civil contempt sanctions may be issued to coerce compliance with a court order. Sanctions are considered coercive civil sanctions rather than criminal sanctions if the contemnor has an opportunity to reduce or avoid the fine through compliance with the court's order. See Shell

Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016). Civil sanctions to coerce compliance should be the least coercive sanction reasonably calculated to win compliance with the court's orders. United States v. Flores, 628 F.2d 521, 527 (9th Cir. 1980).

### B. Rule 16(f) and the Court's Inherent Powers

Under Rule 16(f) of the Federal Rules of Civil Procedure, the court may, on its own, "issue any just orders . . . if a party or its attorney . . . fails to appeal at a scheduling or pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). This includes "dismissing the action or proceeding in whole or in part," "rendering a default judgment against the disobedient party," and "treating as contempt of court the failure to obey" the order. Fed R. Civ. P. 37(b)(2)(A). Rule 16 is "broadly remedial and its purpose is to encourage forceful judicial management." Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986). Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional, and regardless of whether the non-compliance was in bad faith. See Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990).

An award of sanctions under Rule 16(f) is within the district court's discretion. Id. at 1269; Official Airline Guides, Inc. v. Gross, 6 F.3d 1385, 1397 (9th Cir. 1993). However, these sanctions should not be issued if the noncompliance was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The Court may forego imposing the sanctions outlined in Rule 37(b)(2)(A) and instead impose only the reasonable expenses— including attorney's fees—incurred due to the noncompliance with the Court's order.

The Nevada Local Rules further provide that a court may, "after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney" who "fails to appear when required for a pretrial conference, argument on motion," or "fails to comply with any order of this court." LR 11-8. Furthermore, the Court may impose "any and all appropriate sanctions on an attorney ... who, without just cause ... [f]ails to comply with any order of this Court." LR 4–1.

Finally, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (internal

citations omitted). The Ninth Circuit has repeatedly upheld "the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." Id. (collecting cases). Dismissal under the court's inherent powers is warranted only upon a finding of willfulness or bad faith. Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1090 (9th Cir. 2021).

### C. Motions *in Limine*

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions *in limine* may also be used to admit evidence in advance of trial. See Fed. R. Evid. 103; United States v. Williams, 939 F.2d 721, 723 (9th Cir. 1991). Motions *in limine* are a well-recognized judicial practice authorized under case law. See, e.g., Ohler v. United States, 529 U.S. 753, 758 (2000). The Court's power to rule on motions *in limine* stems from its "inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). *In limine* rulings are provisional, and "are not binding on the trial judge[] [who] may always change his mind during the course of a trial." Ohler, 529 U.S. at 758 n.3.

## IV.   DISCUSSION

### A. Civil Sanctions

One type of civil contempt coercive sanction is a per diem fine payable to the court and imposed for each day a contemnor fails to comply with an affirmative court order. United States v. Ayres, 166 F.3d 991, 995 (9th Cir. 1999) (citing Int'l Union v. Bagwell, 512 U.S. 821, 829 (1994)). The Court ordered that Mr. Lovato's failure to file a show cause brief by May 6, 2024, would result in the imposition of sanctions in the amount of $200 per day. Mr. Lovato did not respond to the Show Cause Order until 41 days later, on June 17, 2024. The Court finds Mr. Lovato to be in contempt of the Show Cause Order by clear and convincing evidence. Therefore, the Court orders Mr. Lovato to pay to the court a per diem fine of $200 starting May 6, 2024, for each day up to and including June 16, 2024, for a total of $8,200 in coercive sanctions that accrued during this period. These sanctions are coercive rather than compensatory in nature because it was a conditional fine, which Mr. Lovato had the opportunity to reduce or avoid by responding to the Show Cause Order and the sanctions did, in fact, cease to accrue as soon as Mr. Lovato submitted

his show cause brief. See Shell Offshore Inc., 815 F.3d at 629.

### B. Sanctions under Rule 16(f)

Having reviewed the record, the Court finds that in addition to the coercive civil sanctions that Mr. Lovato has already incurred, he should be sanctioned personally in the amount of $500 for his failure to attend the Calendar Call. As noted above, the Court has broad discretion in determining the appropriate sanctions for violating a court's order. See Ayers, 895 F.2d at 1269. In determining the appropriate sanction, the primary objective of Rule 16(f) is to ensure expeditious and sound management of the preparation of cases for trial and deter conduct that unnecessarily consumes "the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." Martin Fam. Tr. v. Heco/Nostalgia Enterprises Co., 186 F.R.D. 601, 603 (E.D. Cal. 1999). The Court also considers the expenses incurred by the parties due to violations of the Court's orders. See Fed. R. Civ. P. 16(f)(2).

Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001). While the Court is sympathetic to Mr. Lovato's personal circumstances, his explanations do not justify, substantially or otherwise, his noncompliance with this Court's clear orders and his total abandonment of this matter for at least six months, especially when Mr. Lovato had every opportunity to request a continuance or extension of time from the Court. His failure to abide by the Court's orders has significantly disrupted the Court's management of its docket, resulted in additional expense in the administration of this case, and has effectively prevented the case from proceeding to trial. Sanctions are therefore appropriate in order to deter Mr. Lovato from continuing to disregard his Rule 16 obligations. The sanction is personal to Mr. Lovato.

### C. Motions *in Limine*

There is no trial date set in this case. To date, the parties have not submitted a Joint Pretrial Order. Pursuant to LR 16-3, motions *in limine* must be filed 30 days before trial and movants must attach a certified statement that the parties participated in meet-and confer process in which parties were unable to resolve the matter without court action. Without a set trial date, if a party seeks to

address a dispute, they can use dispositive motions to do so. Therefore, the motions *in limine* (ECF Nos. 99-101) are denied without prejudice.

Additionally, the parties must submit a Joint Pretrial Order on or before **January 28, 2025**. This Order constitutes the Court's final warning to Defendant's counsel to submit a JPTO. A failure to file a JPTO by **January 28, 2025 will** result in case dispositive sanctions.

### D. Motion for a Hearing

Plaintiff filed a motion for a pretrial conference in order to (1) set a time for defendant to respond to Plaintiff's 2nd, 3rd and 4th motions *in limine* (ECF Nos. 99-101); (2) quantify the monetary sanctions that Mr. Lovato should pay to the Court Clerk; and (3) set a new trial date. The Court has denied the motions *in limine*, quantified the sanctions, and set a deadline for the parties to file a JPTO. As the issues raised in the motion for a hearing have been addressed in this Order, the motion is denied.

### V.   CONCLUSION

For the reasons discussed above, the Court hereby **DISCHARGES** the order to show cause as to Defendant and **SANCTIONS** Mr. Lovato personally, pursuant to Rule 16(f), in the amount of $500.

**IT IS FURTHER ORDERED** that Mr. Lovato is held in civil contempt of the Court's Show Cause Order.

**IT IS FURTHER ORDERED** that Mr. Lovato shall pay to the court the per diem fine of $200/day that started on May 6, 2024 and ended on June 16, 2024, for a total of $8,200 in sanctions that accrued during this period.

**IT IS FURTHER ORDERED** that the total payment of $8,700 shall be made on or before **January 13, 2025** as a court fine to the "Clerk, U.S. District Court." Mr. Lovato shall submit proof of payment to the undersigned Judge's chambers **within five days of payment. FAILURE TO PAY THIS FINE MAY RESULT IN FURTHER SANCTIONS AND DISCIPLINE, INCLUDING INITIATION OF CONTEMPT PROCEEDINGS.**

**IT IS FURTHER ORDERED** that Defendant's counsel shall meet and confer with Plaintiff's counsel to prepare and submit a Joint Pretrial Order. The Joint Pretrial Order must be

filed as one single document and be submitted no later than **January 28, 2025**. **FAILURE TO TIMELY SUBMIT THE JOINT PRETRIAL ORDER WILL RESULT IN A CASE DISPOSITIVE SANCTION, WITH AN ENTRY OF JUDGMENT FOR THE PLAINTIFF.**

**IT IS FURTHER ORDERED** that **on or before January 11, 2025**, attorney Jason Landess shall file a Certificate of Compliance indicating that he has provided a copy of this Order to the appropriate representative for Defendant Advanced Lighting and Electric, Inc.

**IT IS FURTHER ORDERED** that Defendant's motion for a hearing (ECF No. 114) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions *in limine* (ECF No. 99, 100, 101) are **DENIED** without prejudice.

**DATED:** December 23, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**